The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship exists between the parties.
3. GAB Business Services is the carrier of workers' compensation insurance for the defendant-employer.
4. Plaintiff's average weekly wage is subject to verification via the Form 22 included in the stipulated documents.
5. Plaintiff-employee sustained an injury to his left shoulder on April 23, 1993 which was accepted by the defendants as compensable only for payment of medical expenses.
***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was born on June 1, 1953.
2. Plaintiff began working for defendant at the contractor yard in October 1992. Plaintiff's job was to drive a truck and deliver materials to contractors at building sites. Part of his responsibility was to unload the materials, either by hand or by forklift. Materials to be unloaded generally included heavy items such as bags of concrete, and lumber.
3. Prior to coming to work for defendant, plaintiff had problems with and medical treatment for his right shoulder. On April 30, 1991, plaintiff underwent arthroscopy on his right shoulder. Dr. Stephen Sims at the Gaul Orthopedic Group performed a subacromial decompression with anterior acromioplasty and release of the coracoacromial ligament of the right shoulder. As of July 15, 1991, plaintiff had reached maximum medical improvement with respect to his right shoulder and retained a five percent permanent impairment to his right arm per Dr. Sims rating.
4. On or about April 23, 1993 plaintiff was delivering two deck kits, which each consisted of the lumber for a deck. He had sometimes delivered as many as six to eight deck kits per day, two to three times per week. On this day, in order to unload one of the deck kits, he used a steel pry bar to lever the kit off the truck. Plaintiff's feet were higher up off the bed of the truck than normal. Plaintiff also had to bend over to use the pry bar to get under the deck kit. To accomplish these acts, plaintiff was standing on lumbar which he was not use to doing. While trying to complete his job duties, plaintiff experienced an onset of pain in his left shoulder. Although plaintiff experienced pain, he continued to work.
5. Plaintiff did not seek medical attention until May 12, 1993 when he was seen at Mercy South Emergency Department complaining of pain in his left shoulder which he indicated began about a month before.
6. Plaintiff next sought medical treatment from Charlotte Orthopedic Specialists where he was seen by Dr. Philip J. Bach on May 20, 1993. On that date, plaintiff indicated to Dr. Bach that he had been having pain in his left shoulder over the past month. Dr. Bach assessed plaintiff with subacromial bursitis of the left shoulder and gave him injections of Xylocaine and Kenalog and put him on Voltaren and took plaintiff out of work for one week.
7. On or about August 25, 1994, plaintiff was involved in loading sheetrock packs, each of which weighed about 30 pounds. Loading and unloading items such as sheetrock was part of plaintiff's normal work routine, and nothing unusual happened on this particular occasion. Although plaintiff experienced a sudden onset of pain in his left shoulder, there was no interruption of his normal work routine which precipitated this pain. On August 25, 1994, even though he may have again experienced pain in his left shoulder, plaintiff did not sustain an injury by accident.
8. On September 2, 1994, plaintiff was seen again at Charlotte Orthopedic Specialists, this time by Dr. Price. Plaintiff again complained of pain in his left shoulder. Dr. Price assessed possible impingement syndrome of the left shoulder and gave plaintiff injections of Xylocaine and Kenalog and put him on Lodine, an anti-inflammatory.
9. Plaintiff continued in follow-up with Dr. Bach and was seen on October 17, 1994, and again on December 1, 1994. Plaintiff had some of the same symptoms as in May, 1993. Dr. Bach at first suspected an impingement syndrome of the left shoulder, and then began to suspect a left rotator cuff tear. Dr. Bach continued plaintiff on Voltaren, an anti-inflammatory.
10. After seeing plaintiff again on July 18, 1995 with continued complaints that his left shoulder hurt, Dr. Bach scheduled an arthrogram which was done on August 10, 1995. The arthrogram showed AC joint osteoarthritis with early osteolysis. Dr. Bach also stated that it is possible that plaintiff's left shoulder injury, as described in the nursing assessment of pulling of a bar and then pushing lumber off a truck would be compatible with the symptoms complained of.
11. As shown by the arthrogram and finally diagnosed by Dr. Bach, plaintiff has AC joint osteolysis and osteoarthritis. These conditions by the greater weight of the evidence were caused by a injury by accident that plaintiff suffered on April 22, 1993. Plaintiff's shoulder pain did arise from the injury by accident sustained in the course of his employment with defendant.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has proved by the greater weight of the evidence that on or about April 22, 1993 he sustained a compensable injury by accident. N.C.G.S. § 97-2.
2. Defendant shall pay all of plaintiff's medical bills as it relates to his April 22, 1993 injury by accident. This shall also include all reasonable and necessary surgery, if needed. N.C.G.S. § 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law plaintiff's claim for additional benefits must be and the same is hereby GRANTED.
2. Defendant shall pay all of plaintiff's medical bills as it relates to his April 22, 1993 injury by accident. This shall also include all reasonable and necessary surgery, if needed.
3. Defendants shall pay the costs, including an expert witness fee of $400.00 to Dr. Philip Bach of Charlotte Orthopedic Specialists.
 S/ _______________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/rst